## Hale et ux. v. Scanlon et ux.

*Willard M. Henkelman*, for plaintiffs.

*William M. Murphy*, for defendants.

EAGEN, J., December 28, 1953.—Plaintiffs and defendants held legal title as tenants in common to a piece of real estate improved with three duplex dwelling houses. This action seeks partition of the land and accounting of the rents from defendant, Paul G. Scanlon, an agreed-upon agent in the financial management of the properties.

Defendants filed an answer to the complaint to which plaintiffs have filed preliminary objections in the nature of a demurrer. The legal sufficiency of the answer is now before us for decision.

The answer admits the obligation of defendant, Paul Scanlon, to account and avers a willingness now and always to do so. The dispute is over the right to seek partition.

The property was purchased August 30, 1947, for a cash consideration of $14,700; plaintiffs and defendants each paying one half thereof. On September 2, 1947, the parties entered into a written agreement, the pertinent sections of which provided as follows:

"FIRST: That neither the aforesaid Parties of the First Part nor the aforesaid Parties of the Second Part will sell to anyone not a party to this agreement without first offering to sell to each other their respective one-half (½) share, as an entity of either the Parties of the First Part or of the Parties of the Second Part, for a sum not to exceed Seventy-five Hundred ($7500.00) Dollars.

"SECOND: That neither the aforesaid Parties of the First Part nor the aforesaid Parties of the Second Part will sell to anyone not a party to this agreement unless and until all Parties to this agreement shall willingly concur."

Defendants have formally offered to purchase plaintiffs' interest in the land for $7,500 and contend that in view of the agreement above stated, this action in partition may not be maintained and that plaintiffs are legally bound to accept the offer of defendants if disposed to alienate their interest in the property. Defendants maintain that they are entitled to a decree of specific performance.

The position of defendants is sound if the agreement involved is a legally enforcible option to buy or refuse. An inquest in partition will be denied where the owners of the property have given a legal option to purchase. Such optional agreements are not an unreasonable restriction upon the right to dispose of an interest in real estate: Real Estate Co. of Pittsburgh v. Rudolph, 301 Pa. 502; Romig Estate, 172 Pa. Superior Ct. 335; Parsons v. Macks et al., 4 Lehigh 195, and A. L. I. Restatement of the Law of Contracts, §§358 and 380.

However, we believe that the agreement in this case is not sufficiently clear, certain and specific to be enforcible or to warrant a decree of specific performance.

In order to be legally sustained an option or contract giving the right to purchase must be clear, certain, specific and unambiguous, the same as any other valid contract: Thomas et al. v. St. Joseph's Polish Nat. Catholic Church, 343 Pa. 328; Williston on Contracts, Vol. 1. The option contract in this case does not meet these standards. No time limit is specified. The contract may be interpreted as being personal to the parties thereto themselves or as extending the privilege to their heirs and assigns. The price to be paid is not definite.

In addition, the second clause, saying that the property may not be sold without the assent of all parties in interest is an unreasonable restraint on the right of an individual to dispose of his interest in property: Mills v. Blakelin, et al., 307 Mass. 542, 30 N. E. 2d 873 (1941) and Roberts v. Jones, 307 Mass. 504, 30 N. E. 2d 392 (1940).

Finally, the entire agreement is void because it violates the rule against perpetuities. This rule is not a rule of construction but a peremptory command of law. It is aimed at the suspension of alienation by compelling such a limitation of future interests as will require them to vest, if at all, within a certain time. It prevents the possibility of certain existing conditions from continuing indefinitely.

As pointed out before, there is no time limit specified and even though it is construed to be strictly personal to the parties thereto, the contract would extend for a period beyond 21 years from the date of the making of the contract. Since there is no reference to any measurement of time by any life or lives in being, under such circumstances the Pennsylvania and common-law rule in regard to the period of perpetuities is

a maximum of 21 years: Barton v. Thaw, 246 Pa. 348. See also Anderson, "The Modern Rule Against Perpetuities", 77 U. of Pa. Law Review, 862-863-870.

In the Barton case, supra, it was held:

"Where the event upon which an estate is to arise, such as the acceptance of an option to purchase, is so uncertain that it may transpire at some indefinite time in the future, or it may never transpire at all, the interest created by the option is not vested but contingent and within the rule against perpetuities."

Therefore, December 28, 1953, the preliminary objections to the answer are sustained. Judgment is entered in favor of plaintiffs and against defendants.

Defendant, Paul G. Scanlon, is directed to account in full within 30 days for all rents and income received by him from the properties involved. It is further ordered that a partition be made of the lands and tenaments described in the pleadings.

Partition is awarded accordingly and the cause is referred to Richard Conaboy, Esq., as master to divide and apportion the lands in purparts and to value the same and to ascertain the amount that shall be paid or charged thereon for owelty, or which shall be paid or secured to the parties to whom no purparts can be allotted, and after such partition and valuation to award and allot said purparts to and among the parties entitled, together with the sums to be charged thereon, and payable as and for owelty of partition.

If the land cannot be conveniently divided into as many purparts as there are parties entitled, to award and allot the amount or sum to be paid or secured to them respectively, and the times when such payments shall be made and the portions out of which the same shall be payable; and if the lands cannot be divided without prejudice to or spoiling the whole then to value the same, and if the parties, or any of them, shall refuse to take the same at the valuation fixed by the

master then to apply to the court for leave to make sale of the same at public auction; the master to give notice to the parties in interest as required in proceedings at law for partition.