417 A.2d 726

**Carroll F. Bready HYATT a/k/a Carroll Francis Hyatt, Appellant,**

v.

**Albert Thomas HYATT.**

Superior Court of Pennsylvania.

Argued March 19, 1979.

Filed Dec. 28, 1979.

Reargument Denied Feb. 26, 1980.

436

Donald W. Lehrkinder, Media, for appellant.

Samuel M. Tollen, Chester, for appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Delaware County, by the appellant, which dismissed her complaint in partition filed against her ex-husband requesting partition of a home which was held during the parties' marriage as a tenancy by the entireties.

The parties hereto were husband and wife. Prior to their marriage the appellee (husband) owned a certain piece of real estate situate at R.D. # 2, Glen Mills, Delaware County, Pennsylvania. After their marriage appellee deeded the real estate to himself and the appellant (wife) thereby creating a tenancy by the entireties. The parties subsequently separated with the appellant leaving the Glen Mills' home which was the marital abode. On July 28, 1975, appellant obtained a divorce against the appellee. On July 14, 1976, she instituted a partition action against appellee requesting partition of the real estate. Appellee defended the partition action by presenting a written agreement between the parties by which appellant agreed to allow

appellee to remain in the property in return for his promise to divide the proceeds of any sale of the property with her. Appellee also alleged that he had agreed to provide appellant with a $7,000.00 automobile, $1,000.00 in cash, and had agreed not to contest the divorce action in return for appellant's promise not to seek partition of the real estate. Appellant admitted signing the written agreement but claims that it is not binding because appellant was provided no consideration for her promise not to seek partition of the real estate. Appellant also alleged that appellee's decision to give the $1,000.00 and the vehicle to her were not part of any agreement relative to the partition and were merely gifts to her. The court below found as a fact that appellant had contacted appellee regarding her financial situation and that appellee had threatened to contest the divorce action. The court went on to find that as a result of discussions between the parties relative to these matters that appellee agreed to pay appellant $1,000.00, to pay off an $1186.33 lien on their jointly held Mercedes-Benz automobile, to turn the automobile over to appellant, and not to contest the divorce all of which appellee did. The court also found that appellee did these things in return for appellant's promise not to seek partition of the Glen Mills' home. Appellant argues that the court below violated the parol evidence role when it permitted into evidence the testimony of appellee regarding the oral agreements between appellee and herself and that without said oral agreements the written agreement is invalid for lack of consideration and that therefore the court erred when it dismissed her complaint in partition.

■ The *Act of May 10, 1977, P.L. 884, Sec. 1; 1949 May 17, P.L. 1394, Sec. 1; 68 P.S. 501* holds that once parties who have held property as entireties property are divorced the nature of their property is changed to a tenancy in common and that either party may then seek to have the property sold and the proceeds divided between the parties by bringing an action in equity for partition of the property. Among tenants in common partition of real property is normally a matter of right. *Lykiardopoulos v. Lykiardopou-*

*los,* 453 Pa. 290, 390 A.2d 548 (1973). However, the statutory right to partition may be modified or postponed for a reasonable time by agreement of the parties. *Shoup v. Shoup,* 469 Pa. 165, 364 A.2d 1319 (1976). Appellant argues that the writing is invalid as a contract because it fails to provide adequate consideration to her since it obligates appellee to do nothing more than he would ordinarily be required to do (giving her one-half of proceeds) while it prevents her from exercising her absolute right to partition; that the writing is full and complete and appellee should not have been permitted to introduce oral evidence of the other matters (the $1,000, the car and not contesting the divorce); and that the agreement is invalid because it postpones sale of the premises for an unreasonable length of time.

We agree with appellant's first contention. The written agreement signed by appellant gave her nothing more than she already had. A promise to do less than that which the promisor is already obligated to do is no consideration at all. *Lewis v. Hamilton's Extrs.,* 301 Pa. 173, 151 A.2d 812 (1930). Therefore, unless appellee was able to show some other valid consideration for his wife's promise not to partition the real estate the agreement must fail.

Where a writing is full and complete, in and of itself, a party should not be permitted to vary, modify, add to, or otherwise contradict its terms by parol evidence. *Crompton v. Smith,* 253 F.Supp. 980 (1977 E.D.Pa.). In the instant case the court below found as a fact that the appellant and appellee had entered into various oral agreements relative to their divorce action and that appellee had agreed to pay off the automobile lien, had paid appellant $1,000, had given her the jointly held automobile, and had refrained from contesting the divorce action all of which he did and all of which was part of the divorce settlement along with the written agreement. In regard thereto the court stated:

"The Court is of the opinion that the transfer of the $1,000, the payoff and transfer of the vehicle, and the promise not to contest the divorce do not add to, modify or otherwise contradict the sparse writing between the par-

ties; on the contrary, these elements very satisfactorily explain an otherwise ambiguous agreement that does not appear to be complete on its face.

"All of the surrounding circumstances must be considered to determine whether the parties intended to aforementioned items to be a part of the writing. *McCormick v. Harris,* 130 Pa.Super. [175] 176 [196 A. 885] (1938). The Court is convinced that they did so intend.

"The parties felt no need to include the $1,000.00 check or the transfer of the car in the writing because these items would be separate writings (a check, a signed title) in and of themselves. The Defendant's (appellee's) appearance or nonappearance at the Master's Hearing would also be a physical, immediate part of the agreement, unnecessary to put in writing.

"Only the agreement not to force the sale of the property was of the type which had to be reduced to writing at that time because it could not be evidence in any other way.

"The Plaintiff [appellant] and the Defendant [appellee] are lay persons and reached all of these agreements without benefit of counsel. Perhaps a lawyer, understanding the litigations and problems which can be caused by ambiguities, would have listed the considerations together, on one paper, to avoid complications. The Plaintiff [appellant] and Defendant [appellee] saw no need for that. The Plaintiff [appellant] had the check, so why write it down? The Plaintiff [appellant] had the car, free and clear, so why write it down? The Defendant [appellee] did not show up at the Master's Hearing, so why write it down? What about the agreement not to force a sale? *Write it down!*

"Accordingly, the Court feels that the discussions between the parties, culminating in the $1,000.00 check, the transfer of the car and the non-appearance at the Master's Hearing, all are within the guidelines of *McCormick,* supra, and are properly to be considered in construing the written agreement between the parties.

"As to Plaintiff's [appellant's] contention that the unspecified duration of the agreement is unreasonable, thus being an illegal restraint upon alienation, the Court finds no merit in this. Plaintiff [appellant] and Defendant [appellee] fully discussed Defendant's [appellee's] reasons for not wanting the property sold. Plaintiff [appellant] knew there could be no time limit on the agreement, and she signed it voluntarily. The duration is not unreasonable because it was fully anticipated by both parties. Furthermore, this goes to show that the Plaintiff [appellant] recognized that she was getting things of value in return for her promise not to force a sale—she was getting $1,000.00, a car, and a divorce."

We agree with the lower court's analysis regarding the existence of a valid consideration which the appellant received in return for her promise not to bring a partition action against the appellee. However, the appellant had an absolute right to seek the partition and although a partition may be modified or postponed for a reasonable time by agreement of the parties, the instant agreement did not limit appellant's absolute right to seek partition for any discernable time. Therefore, the agreement constituted an unlawful restraint upon alienation of the property and, as such, is unenforceable. *Etnier, et al. v. Pascoe*, 275 Pa. 308, 119 A. 406 (1923). The indefinite postponement of the right to partition is contrary to the policy of the Commonwealth which is to encourage free alienation. Because this agreement is contrary to the said policy, we hold that it is invalid. The lower court held that the duration of the postponement was not unreasonable because it was fully anticipated by both parties. Although we agree with the lower court's statement that the duration was indeed fully anticipated by both parties, we hold that this does not change the fact that it does constitute an unlawful restraint upon the free alienation of the property.

Order reversed.

HOFFMAN, J., concurs in the result.