488 A.2d 636

**Edward L. KOPP**

v.

**Elizabeth A. KOPP, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 15, 1984.

Filed Feb. 22, 1985.

James T. Yingst, Hanover, for appellant.

Mark D. Frankel, York, for appellee.

Before WICKERSHAM, JOHNSON and HOFFMAN, JJ.

WICKERSHAM, Judge:

Elizabeth A. Kopp appeals from the order of the Court of Common Pleas of York County dismissing her exceptions

and making final an earlier decree that partitioned real estate owned by appellant and Edward L. Kopp.

Plaintiff-appellee Edward L. Kopp and defendant-appellant Elizabeth A. Kopp were formerly husband and wife. Prior to their divorce, they entered into a separation agreement dated November 6, 1970. Pursuant to the agreement, appellant relinquished all rights to support and maintenance. Appellee agreed that, in exchange, appellant would have sole occupancy of the family residence for herself and her children so long as she paid all mortgage payments, utility bills, and taxes. The agreement further provided: "Should the Wife no longer use the premises as her residence the same shall be sold at a price agreeable to both Husband and Wife and the net proceeds therefrom shall be divided equally between Husband and Wife." R.R. at 29a. In the same provision, appellee "specifically waive[d] his rights to have the real estate of the parties sold pursuant to the provisions of the Act of May 10, 1927, P.L. 884 (68 P.S. § 501) as amended." *Id.* The Act, referred to in the agreement, provided in pertinent part: [1]

Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them.

On December 26, 1979, appellee filed a complaint in equity seeking partition of the subject real estate pursuant to the Act of May 10, 1927, P.L. 884, § 1; as amended by the Act of May 17, 1949, P.L. 1394, § 1, 68 P.S. § 501 (hereinafter referred to as "the Act"). Appellant filed an answer asserting that the separation agreement entered into by the parties barred appellee from requesting partition of the property. Trial before the Honorable Emanuel A. Cassimatis was held on August 31, 1981. In an opinion

---

1. Subsequent to institution of this suit, the language of the Act was changed; the substance, however, remained the same.

and order dated October 22, 1981, Judge Cassimatis ruled that the separation agreement was not a bar to appellee's statutory right to partition. Accordingly, Judge Cassimatis issued an order and decree to partition the parties' real estate. Appellant filed exceptions which were orally argued before the court *en banc.* On May 17, 1983, appellant's exceptions were dismissed and the order of October 22, 1981 was adopted and entered as a final decree. This appeal timely followed.

Appellant states the sole issue to be resolved as follows:

Can an owner of an undivided interest in real property waive his right to have the same partitioned without violating the public policy of permitting the free alienation of real property?

Brief for Appellant at 2.

In its opinion, the trial court found that appellant had complied with the provisions of the separation agreement in that she had resided in the premises since the agreement was executed and had, in fact, paid off the mortgage. Further, there was no testimony by the appellee that appellant had failed to pay the utility bills or taxes or make the mortgage payments. However, despite the fact that appellant fully complied with the agreement, the court held that the agreement was not a bar to appellee's request for partition. The lower court based its conclusion on *Hyatt v. Hyatt,* 273 Pa.Super. 435, 417 A.2d 726 (1979).

In *Hyatt,* a married couple entered into a written agreement which provided that upon divorce the former husband would remain in occupancy of the former marital domicile, then held by the entireties, in return for his promise to divide the proceeds of any eventual sale with his former wife (she also received a car and $1,000.00 in consideration of her husband's promise). When she filed an action to partition, the husband argued that the written agreement barred any partition. This court stated:

The *Act of May 10, 1977, P.L. 884, Sec. 1; 1949 May 17, P.L. 1394, Sec. 1; 68 P.S. 501* holds that once parties who have held property as entireties property are divorced the

nature of their property is changed to a tenancy in common and that either party may then seek to have the property sold and the proceeds divided between the parties by bringing an action in equity for partition of the property. Among tenants in common partition of real property is normally a matter of right. *Lykiardopoulos v. Lykiardopoulos,* 453 Pa. 290, 309 A.2d 548 (1973). However, the statutory right to partition may be modified or postponed for a reasonable time by agreement of the parties. *Shoup v. Shoup,* 469 Pa. 165, 364 A.2d 1319 (1976).

*Id.,* 273 Pa.Superior Ct. at 437–38, 417 A.2d at 728.

The *Hyatt* court found that the agreement did not limit the wife's absolute right to seek partition for any discernable time. The court held that this "indefinite postponement of the right to partition is contrary to the policy of the Commonwealth which is to encourage free alienation." *Id.,* 273 Pa.Superior Ct. at 440, 417 A.2d at 729. Since the agreement constituted an unlawful restraint upon alienation of the property, the *Hyatt* court ruled that the agreement was unenforceable and the property should be partitioned.

The trial court held that *Hyatt* controls the case at bar. The court *en banc* agreed, stating:

The Separation Agreement signed by [appellee] and [appellant], like the one in *Hyatt,* did not limit [appellee's] absolute right to seek partition for any discernable time. The [appellee's] right to seek partition was postponed until [appellant] "no longer uses the premises as her residence". As such, [appellee's] right is conditioned upon either [appellant's] caprice or unfortunate demise. This indefinite postponement of the right to seek partition is contrary to the policy of the Commonwealth which is to encourage free alienation, *see id.,* 273 Pa.Superior Ct. at 440, 417 A.2d at [729] and, therefore, we held the entire agreement is invalid.

Lower ct. op., 5–17–83, at 2.

■ We disagree with the court *en banc*'s application of *Hyatt* to the instant case. It is true that any agreement to

modify or postpone the time of partition may not place a restraint upon alienation that extends beyond a "reasonable" period of time. *Shoup v. Shoup,* 469 Pa. 165, 364 A.2d 1319 (1976). Furthermore, we believe that the *Hyatt* court properly held that by not limiting the wife's absolute right to seek partition for any discernable time, the agreement constituted an unlawful restraint upon alienation of the property and was, therefore, unenforceable. A clear factual distinction exists, however, between *Hyatt* and the case at bar. The Hyatts' separation agreement obligated the husband to divide the proceeds with the wife if and when a sale of the property were to occur. In the words of the court, "although a partition may be modified or postponed for a reasonable time by agreement of the parties, the instant agreement did not limit appellant's absolute right to seek partition for any discernable time." *Hyatt v. Hyatt, supra,* 273 Pa.Super. at 440, 417 A.2d at 729. Whether or not he continued to occupy the premises, there were no conditions placed upon the husband, the occurrence of which would have triggered the wife's right to compel partition.

As was the husband in *Hyatt,* appellant in the case at bar was already occupying the residence at the time the separation agreement was signed; however, appellant's ability to restrain partition in the instant case is conditioned upon her continued use of the premises as her residence. Appellee's right to compel partition will be automatically triggered (1) if appellant no longer wishes to remain in the home, or (2) upon the death of appellant. Waiver of appellee's right to seek partition for, at most, the lifetime of appellant seems to be postponement for a period both reasonable and sufficiently discernable.

The separation agreement into which the Kopps entered limits any restraint upon appellee's power to compel partition to a period which cannot extend beyond the life of appellant. Such a time period, while not definite, is surely not *unreasonable. See e.g., McDowell v. McDowell,* 61 N.C.App. 700, 704, 301 S.E.2d 729, 731 (1983) ("[I]t is clear

that an agreement providing for the wife's continued possession of property for her life is valid and not subject to attack as an unreasonable restraint on alienation. In this case, the longest possible amount of time during which this property could remain in the wife's possession without agreement to sell is for her life."). *See also Condrey v. Condrey*, 92 So.2d 423, 426 (Fla.1957) ("An agreement not to partition during the life of any of the tenants does not appear to us to be for an unreasonable time.").

While Pennsylvania courts have not heretofore provided any clear guidelines as to what constitutes a "reasonable" period of time respecting restraints on alienation, the Restatement of Property (1944) offers some guidance:

§ 412. RESTRAINTS ON THE POWER TO COMPEL PARTITION.

A restraint on the power of a co-tenant to compel partition, created to last for a reasonable time only, is valid.

Comment *c* of § 412 states that "(t)he meaning of 'a reasonable time' is set forth in § 173, Comment *c*" which, in turn, provides in pertinent part:

c. *What constitutes a reasonable period of time.* The period of time for which the creator of a future interest can exclude the power to compel partition or the liability thereto must be "reasonable." When the stipulated period of time is not measured by lives in being at the time of the creation of such future interest, or by a period of years not exceeding twenty-one, or by a combination of such lives and years, such period of time is not reasonable. *When the stipulated period is measured by such lives, or by such period of years, it is reasonable.* Situations between these two extremes present an issue of reasonableness.

(Emphasis added). *See Rice v. Rice*, 468 Pa. 1, 359 A.2d 782 (1976); *accord Hale v. Scanlon*, 88 Pa. D. & C. 506 (1953). We believe that this definition of reasonableness, adopted

by analogy from the rule against perpetuities,[2] is a sensible one. While it is the policy of this Commonwealth to encourage free alienation, the concerns underlying this policy are not present in a case such as the one before us. The agreement in the instant case was not an unreasonable restraint on alienation.

The Kopps entered into their agreement freely. Appellee does not appear to have been the object of overreaching or undue influence, and appellee signed the agreement only after having consulted his attorney in reference to it. By this agreement, appellee has waived his statutory right to force a sale of the property.

The final decree of the lower court is reversed and the court is directed to enter judgment in favor of the appellant. Jurisdiction is relinquished.

2. As the Kopps have a present, fixed, and vested interest in the property at issue, the rule against perpetuities has no application.