## McCartney v. McCartney

*Murrel R. Walters III,* for plaintiff.
*Marvin Beshore,* for defendant.

DORNEY, *J.,* September 1, 1988 — This matter is before the court on the preliminary objections of defendant.

Defendant objects in the nature of a demurrer to plaintiff's complaint in partition.

Defendant argues that the action in partition must fail due to a settlement agreement signed by the parties which determines each party's right in the property at issue.

The pertinent facts of this case are as follows:

The parties were married on July 14, 1962. In 1968, they purchased the real estate which is the subject of this action. The deed to the property is recorded in Deed Book 61-B, page 1193.

The husband and wife separated in 1980, whereupon they entered into an agreement which determined all of "their rights and obligations created out of their marriage relationship."

Within the agreement, two separate paragraphs defined the parties' rights regarding the subject realty. Paragraph 1 states:

"[T]he wife shall have exclusive right to possession of the home . . . until such time as she remarries or sells the home. The proceeds of the sale of the home will ultimately be divided between the husband and wife, but so long as the wife remains in the property . . . , the husband shall have no right to re-enter or intrude upon the privacy of the wife in the home . . ."

Paragraph 3 states:

"It is mutually agreed by and between the parties hereto that the husband shall relinquish all his right of possession in the property in favor of the wife who shall have the exclusive right to live in the property with the couples' (sic) children until she either sells the property with the husband's consent or remarries . . . If wife remarries, both parties agree that the house shall be sold . . ."

In 1983, the parties were divorced. On February 18, 1988, the husband filed the present action seeking partition of the property.

## QUESTION PRESENTED

Does a property settlement agreement entered into as a final determination of property rights preclude one of the signators from seeking partition of real estate under 68 P.S. §501?

68 P.S. §501 provides that: "Whenever any husband and wife, hereafter acquiring property as tenants by the entireties, shall be divorced, they shall thereafter hold such property as tenants in common . . . and either of them may bring suit . . . to have the property sold and the proceeds divided between them."

The statute was amended in 1978, but since the property was acquired in 1968, the statute, as amended 1949, May 17, P.L. 1394 §1, applies. The latest amendment retains the substance of the act intact.

The purpose of the statute is to provide for a ready, uncomplicated method for achieving some sense of economic justice on dissolution of marriages, *Lohmiller v. Weidenbaugh,* 302 Pa. Super. 174, 448 A.2d 583 (1982), reversed on other grounds, 503 Pa. 329, 469 A.2d 578 (1983).

Here, the purpose behind the statute is satisfied by the parties own resolution for the "achievement of economic justice" between them, especially in the absence of a claim of undue influence, fraud, or coercion. A finding that the spirit of the law is satisfied does not end our inquiry; the letter of the law must also be fulfilled.

The sole issue raised by the letter of the law is whether or not the parties' agreement which restrains the husband's right to partition, places an unreasonable restraint upon the alienation of real estate, such restraints being frowned upon in the law. *Shoup v. Shoup,* 469 Pa. 165, 364 A.2d 1319 (1976).

The facts of the present case are similar to those found in *Kopp v. Kopp,* 339 Pa. Super. 230, 488 A.2d 636 (1985). In that case, the wife's "ability to restrain . . . [the husband's right to partition was] conditioned upon her continued use of the premises as her residence." *Kopp, supra.* In that case, the Superior Court found that the "[a]ppellee's right to compel partition will be automatically triggered (1) if appellant no longer wishes to remain in the home, or (2) upon the death of appellant." *Kopp, supra.* Thus, the period of restraint on the husband's right to compel partition was, at most, the lifetime of the

wife. The Superior Court held that such a restraint was both a reasonable and sufficiently discernable length of time.

In the present case, the agreement imposes one further limitation on Mrs. McCartney's ability to restrain her husband's right to partition: if she remarries, he may seek partition.

Plaintiff has temporarily waived his right to seek partition of the real estate in question. As no facts have been alleged which would allow him to proceed in partition, i.e., that the wife has remarried or has sold the property, the complaint must be dismissed.

Accordingly, we shall enter the following

### ORDER

And now, September 1, 1988, it is ordered and directed that defendant's preliminary objection in the nature of a demurrer is granted; plaintiff's complaint is hereby dismissed.