# Maris v. Maris

*David C. Corujo,* for plaintiff.
*Eugene Malady,* for defendant.

BATTLE, *J.,* July 24, 1991—Plaintiff (wife) and defendant (husband) were formerly husband and wife. They were divorced on September 17, 1987. Prior to the divorce, husband and wife entered into a property distribution agreement which, pursuant to the divorce decree, survived the divorce.

The property settlement agreement provided, inter alia, for the disposition of a certain parcel of real property. The relevant provisions are as follows:

"Upon sale of said real property to a third party, the net proceeds shall be divided 50 percent to husband and 50 percent to wife. [The agreement provided other details in regard to encumbrances and a definition of 'net proceeds.']

"Pending sale or transfer of said real estate, the parties shall forthwith transfer said real estate into a tenancy in common without survivorship between them, each party to hold an equal 50 percent interest."

"Pending sale, husband shall have exclusive occupancy of said real estate for so long as he continues to use it as his primary residence. Husband shall pay property tax installments as they fall due,

maintain homeowner's insurance . . . and shall pay each installment, as it becomes due, on all encumbrances against said real estate."

The agreement also provided that, pending sale, husband is to make all real estate tax payments, maintain the property in good condition, and husband shall assume total legal responsibility on the mortgage and hold wife harmless from any and all liability resulting from the mortgage and all property taxes.

Wife now requests, through the instant action, that the real estate be partitioned and sold pursuant to 68 P.S. §501. Wife filed an affidavit stating that she entered into the property settlement agreement upon the understanding that husband was going to move to Florida.

Each party to this action has filed a motion for summary judgment which must now be decided.

There are two cases which this court has considered. The first case is *Hyatt v. Hyatt,* 273 Pa. Super. 435, 417 A.2d 726 (1979). In *Hyatt,* a property agreement provided that the former husband would remain in occupancy of the former marital domicile in return for his promise that he would divide the proceeds of any eventual sale with his former wife. The wife sought partition through the courts and the husband objected. The *Hyatt* case held that the agreement did not limit the wife's right to seek partition for any discernible time. Therefore, the court stated that the indefinite postponement of the right to partition is contrary to the laws of the Commonwealth. The agreement was held to be unenforceable since it constituted an unlawful restraint upon the alienation of property. The court directed that the property be partitioned.

In the case of *Kopp v. Kopp,* 339 Pa. Super. 230, 488 A.2d 636 (1985), a property settlement agree-

ment provided that the wife would give up all rights to support and maintenance in exchange for sole occupancy of the marital residence so long as she paid the mortgage, bills, and taxes. The agreement also provided that should the wife no longer use the premises as her residence, the property was to be sold and the proceeds divided. The agreement specifically provided that the husband waived his rights to have the real estate sold.

The Superior Court, in *Kopp*, stated that the postponement of the partition was limited to, at most, the wife's lifetime and, therefore, the postponement was reasonable and sufficiently discernible. The court distinguished *Hyatt* by indicating that the postponement in *Hyatt* was not discernible. The *Kopp* court held that the property was not to be partitioned.

In the case at bar, the postponement of the partition is, at most, for the lifetime of the husband, and, therefore, pursuant to *Kopp*, the postponement is discernible and reasonable.

The *Kopp* case can be distinguished from the case at bar because there was a specific waiver of the right to partition in *Kopp* but not in the case at bar.

The agreement in the case at bar, by the repeated use of the term *pending sale,* seems to indicate that the parties contemplated that the property would be sold. The agreement also states that the husband "pending sale . . . shall have exclusive occupancy of said real estate for so long as he continues to use it as his primary residence." If the words *pending sale* were not preceding the grant of the exclusive right, it would be this court's opinion that the *Kopp* case would control. However since the term *pending sale* indicates a limitation on the exclusive right, and since there was no specific waiver of the right of wife to seek partition, it is the opinion of this court

that the wife did not waive her right to partition. Therefore, the following order is entered:

## ORDER

And now, July 24, 1991, summary judgment is hereby entered in the favor of plaintiff and the property shall be partitioned and sold.