663 A.2d 780

The ESTATE OF Paul S. ROYER, and Virginia Rhine and Kathryn Claar, Co–Executrices of the Estate of Paul S. Royer, Appellants,

v.

WINELAND EQUIPMENT, INC., Appellee.

Superior Court of Pennsylvania.

Argued April 26, 1995.

Filed Aug. 21, 1995.

Edward E. Zang, Altoona, for appellants.

Shari R. Routch, Hollidaysburg, for appellee.

Before DEL SOLE, KELLY and BROSKY, JJ.

DEL SOLE, Judge:

In a deed drafted October 31, 1966, Margaret and Paul Royer, both now deceased, conveyed to Wineland Equipment, Inc. (Appellee) title to certain land. The deed also contained a provision regarding a right to purchase a remaining twenty acres for $6000 should the Royers decide to sell that property. In 1994, after the death of Mr. and Mrs. Royer, an action seeking to Quiet Title was brought by Appellants, the Co–Executrices of the Estate of Paul S. Royer. Appellants asked the court to declare the language of the deed, granting the right of first refusal, a nullity. Appellants wanted to offer the

acreage for sale without being required to first offer it to Wineland for a purchase price of $6,000. The trial court denied the relief sought and ruled that the "right of first refusal" language does not violate the Rule Against Perpetuities (20 Pa.C.S.A. 6104., et seq.) and does not constitute an unreasonable restraint on alienation. Therefore, the court concluded the provision was valid and enforceable. From this ruling, Appellants appeal.

We are now presented with the sole question of whether the provision contained in the deed which grants to Wineland the right to purchase the property in question for a fixed price, should the Grantors decide to sell, is valid and enforceable. Appellants argue that the long delay of 27 years, coupled with the death of the owners of the property and a substantial increase in its value, terminates any rights of Wineland.

The specific language at issue reads:

In accordance with an Article of Agreement made the day of March, 1965, with Galen F. Wineland and Foster F. Wineland, co-partners trading and doing business as Wineland Farm Implements, now doing business as Wineland Equipment, Inc., the Grantors herein agree that if they decide to sell the remainder of the farm, containing an estimated Twenty (20) acres, more or less, together with a house, barn and outbuildings, that they will give the first opportunity and privilege to the Grantee herein to purchase the same at a fixed sum of Six Thousand ($6,000.00) Dollars. If Grantors decide to sell the remainder of the farm, they shall give the Grantee herein notice in writing of said intention to sell and the Grantee shall have a period of Thirty (30) days there-after within which to accept or reject the opportunity to purchase the remainder of the farm, they shall first give the Grantee herein notice in writing of said intention to sell and the Grantee shall have a period of Thirty (30) days thereafter within which to accept or reject the opportunity to purchase the remainder of the farm, said notice of acceptance or rejection must be made in writing to Grantors within the Thirty (30) day period. If the Grantee gives notice of acceptance in writing as aforesaid, settlement and

possession shall be made within Thirty (30) days of the date of said acceptance notice. If the Grantee rejects said option privilege, the Grantors shall be free to convey the property to any other party at the receipt of the notice of rejection.

 Our review of the provision at issue and the relevant law causes us to conclude that the trial court did not error in ruling that the "right of first refusal," or right of pre-emption, as it is sometimes called, was not an unreasonable restraint on alienation, nor was it unconscionable. In return for certain consideration, the original parties made a bargained-for exchange, in which a portion of farm land was conveyed with an option to purchase the remainder at a fixed price should the sellers ever decide to sell it. Although the agreement did not set forth a time limit after which this provision will expire, we need not try to impose an interpreted "reasonable" period of time as Appellants would wish. Rather, the rule against perpetuities, which provides that an interest must vest, if at all, within twenty-one years of a life in being, governs. *See,* Pa.C.S. § 6104.

 In *Central Delaware County v. Greyhound* 527 Pa. 47, 588 A.2d 485 (1991), the court was considering the validity of a repurchase option, which like the "right of first refusal" option in the instant case, is not a vested estate. The court quoted from *Barnes v. Rea,* 68 A. 836, 219 Pa. 279 (1908), when describing how an option is a future interest, not a presently vested interest, and therefore the rule against perpetuities applies:

An option is a unilateral agreement, binding upon the optionor from the date of its execution, but does not become a contract inter parties in the sense of an absolute contract to convey on the one side and to purchase on the other until exercised by the optionee.

*Central Delaware County v. Greyhound,* at 53, n. 6, 588 A.2d 485.

Thus, this "right of first refusal" is subject to the rule against perpetuities. Because the common law rule was replaced in Pennsylvania by a wait-and-see statute, See *Id.,* at 55 n. 8., 588

*A.*2d 485, the interest in this case will not expire until twenty-one years after the death of the last life in being at the time the interest was created. 20 Pa.C.S.A. 6104(b). In this case, twenty-one years after the death of the last life in being, which is measured from the death of Paul S. Royer, is June 3, 2014. Until such time the provision at issue remains valid and enforceable. If Appellants wish to sell the property prior to that date, they must first offer it for sale to Wineland under the provisions of their agreement. If Appellants choose to wait until the year 2014, the right of first refusal will have expired and they would then remain free to sell the property to whomever they wish at whatever price is agreed.

■ We do not view this "right of first refusal" as an unreasonable restraint on alienation. While it necessarily limits to some degree the transfer of this property, the limitation is not unreasonable. The agreement was part of a transaction which was a bargained-for exchange. Although the original parties set on a fixed price, this does not prevent the present parties under the present conditions from renegotiating and establishing a new price. Realistically, each must take into account an understanding of their existing rights and responsibilities. The parties can negotiate realizing that the property may now be worth far more than the price stated in the agreement, and realizing that Winelands' right of first refusal will terminate in the year 2014. If Appellants believe it is to their advantage to transfer the property before that time, they can attempt to negotiate a new price. Likewise if Wineland desires to obtain the land prior to the expiration of its right of first refusal, it is free to enter a new agreement with Appellants. Further, for a specified price, the parties can agree to be released from their obligations. Thus, while some courts have viewed a pre-emptive right which sets forth a fixed price as an unreasonable restraint on alienation, *See Pre-emptive Rights to Realty As Violation of Rule Against Perpetuities or Rule Concerning Restraints On Alienation,* 40 ALR3d 920, we conclude that such a restraint is not unreasonable. Its presence establishes the parties rights which they are free to change by subsequent agreement.

For these reasons, we affirm the trial court's order.

Order affirmed.