Roberta J. GRIFFITH, Executrix
of the Estate of Robert W.
Kirsch, Appellant,

v.

Harry E. KIRSCH, Appellee.

Roberta J. Griffith, Executrix of
the Estate of Robert W.
Kirsch, Appellee,[1]

v.

Harry E. Kirsch, Appellant.

Superior Court of Pennsylvania.

Argued May 25, 2005.

Filed Oct. 24, 2005.

---

1. For ease of reference, we consistently refer to Roberta Griffith as "Appellant" and Harry E. Kirsch as "Appellee."

Bruno A. Muscatello, Butler, for Griffith.

Jonathan B. Babyak, Pittsburgh, for Kirsch.

BEFORE: HUDOCK, ORIE MELVIN, and McCAFFERY, JJ.

**2.** The trial court has entered three opinions, dated June 28, 2004, October 7, 2004, and

OPINION BY McCAFFERY, J.:

¶ 1 Appellant, Roberta Griffith, executrix of the estate of Robert W. Kirsch, appeals from the order entered in the Butler County Court of Common Pleas granting in part and denying in part Appellant's motion for reconsideration of the trial court's denial of Appellant's motion for partition. We hold that the language utilized in Robert W. Kirsch's will ("Will") did not create an unreasonable restraint on alienation and that the trial court properly deleted the word "and" from the Will. Further, we conclude that the trial court correctly determined that neither an award of punitive damages nor attorney's fees was warranted in this case. Accordingly, we affirm.

¶ 2 The facts and procedural history underlying this appeal, as summarized by the trial court, are as follows.[2] In 1948, Appellee, together with his parents, acquired sixty acres of property in Butler County, Pennsylvania ("Property"). Appellee's brother, Robert W. Kirsch, inherited a one-half interest in the property upon the death of the parents in 1974. Thereafter, the brothers each conveyed their one-half interest in the property to themselves and their respective wives so that ultimately each brother held an equal one-half interest as tenants by the entireties with his wife. Both wives predeceased their husbands.

¶ 3 In 2002, Robert Kirsch ("Decedent") died. In his Will, the Decedent devised his one-half interest in the property as follows:

> Upon the expiration of [my wife's] life-estate, I specifically bequest [sic] to my children the land commonly referred to as my share of the Kirsch Brothers' Farm, Callery Road, R.D. # 4, Evans

December 8, 2004, respectively, upon which we have relied in our analysis.

City, Pennsylvania. I give this land to my children, with the specific condition that it not be sold, severed, subdivided, or divided in any way without the express written consent of my brother, [Appellee], who owns the other half of this property. Only upon agreement by [Appellee] and/or his beneficiaries, may this land be divided.

(Will at ¶ Fourth; R.R. at 9a).

¶ 4 Appellant filed a petition to partition the property which was denied by the trial court in an order dated June 28, 2004. Thereafter, Appellant filed a timely motion for post-trial relief. On October 7, 2004, the trial court issued a Memorandum Opinion and Order denying Appellant's request for immediate partition of the property but reforming the language of the Will by removing the word "and" so that Appellant would only need the consent of Appellee "or" his beneficiaries in order to divide the property. Appellant filed the instant appeal and Appellee filed a cross appeal challenging the trial court's refusal to grant him punitive damages or attorney's fees.

¶ 5 At docket number 1884 WDA 2004, Appellant raises the following issues for our review:

I. DID THE RESPECTED TRIAL COURT COMMIT AN ABUSE OF DISCRETION OR ERROR OF LAW, BY FINDING THAT THE LANGUAGE CONTAINED WITHIN THE WILL OF ROBERT W. KIRSCH, REQUIRING THE AGREEMENT OF HIS BROTHER AND CO-TENANT, [APPELLEE], "AND/OR HIS BENEFICIARIES" BEFORE THE CO-TENANCY COULD BE "SOLD, SEVERED, SUBDIVIDED OR DIVIDED IN ANY WAY," DID NOT CREATE AN UNREASONABLE RESTRAINT ON ALIENATION?

II. DID THE RESPECTED TRIAL COURT COMMIT AN ABUSE OF DISCRETION OR ERROR OF LAW, BY REFORMING THE WILL TO DELETE THE WORD "AND," IN PROVISION FOUR OF THE INSTRUMENT?

III. DID THE TRIAL COURT COMMIT AN ABUSE OF DISCRETION OR AN ERROR OF LAW BY FINDING THAT DELETION OF THE WORD "AND," THE LIMITING PHRASE, CURED THE POTENTIAL VIOLATION OF THE RULE AGAINST PERPETUITIES, BUT THEN FAILED TO FIND THAT THE REQUIREMENT TO OBTAIN THE CONSENT OF [APPELLEE] OR HIS BENEFICIARIES IS AN UNREASONABLE RESTRAINT ON ALIENATION?

IV. DID [APPELLEE] PRESERVE ANY ISSUES FOR APPEAL?

(Appellant's Brief at 4).

¶ 6 At docket number 2044 WDA 2004, Appellee presents the following questions for our review:

IN LIGHT OF THE RECKLESS AND VEXATIOUS ACTIONS OF ROBERTA J. GRIFFITH, EXECUTRIX[,] AND HER COUNSEL, IS [APPELLEE] ENTITLED TO PUNITIVE DAMAGES?

IN LIGHT OF THE RECKLESS AND VEXATIOUS ACTIONS OF ROBERTA J. GRIFFITH, EXECUTRIX[,] AND HER COUNSEL, IS [APPELLEE] ENTITLED TO ATTORNEY'S FEES?

(Appellee's Brief at 1).

¶ 7 As a prefatory matter, we note our standard and scope of review:

The trial judge, sitting in equity as a chancellor, is the ultimate fact-finder. The scope of review, therefore, is limited. The final decree will not be disturbed unless the chancellor committed an error of law or abused his or her discretion. The findings of fact made by the trial court will not be disturbed unless they are unsupported by competent evidence or are demonstrably capricious.

*Daddona v. Thorpe*, 749 A.2d 475, 480 (Pa.Super.2000) (quotation omitted).

¶ 8 In Appellant's first issue, she contends that the trial court erred by declining to find that the language in the Will requiring the Decedent's children to obtain the consent of Appellee and/or his beneficiaries before the property can be divided constitutes an unreasonable restraint on alienation. Specifically, Appellant argues that the language at issue merely represented a subordinate purpose of the Decedent and therefore should not be construed to limit the Decedent's overarching bequest of a fee simple interest in the property. (Appellant's Brief at 12–18). Further, Appellant asserts that the disputed language creates an interest which is unrestricted in duration, and is therefore void as against public policy. Upon careful review, we cannot agree.

¶ 9 When interpreting a will, we emphasize that the intention of the testator is "of primary importance, the lodestar, cornerstone, cardinal rule" and cannot be defeated unless it is "unconstitutional, unlawful, or against public policy." *In Re Estate of Janney*, 498 Pa. 398, 401, 446 A.2d 1265, 1266 (1982). Further, we recognize that testamentary restraints against the right to partition have been enforced under Pennsylvania law:

Usually, provisions in a will will be upheld which prohibit or postpone a partition of the estate granted until the happening of a particular event, for the reason that the execution of a will should follow as nearly as may be the course marked out by the testator and partition should not be decreed where he has expressly or by necessary implication provided against it. A qualified restriction upon the right to partition is not the creation of a condition repugnant to the nature of a fee simple estate and hence void as in violation of the rule against restraints on alienation, as such a qualification takes nothing from the right of the tenants to convey or devise their undivided interests in the estate. The restriction merely requires beneficiaries who accept a devise to respect the intention of the testator through whom they claim. An actual division of the estate is held in abeyance for a period of time no longer than that which might have been established by a devise in trust and the mischief sought to be corrected by the rule forbidding restraints on the alienation of lands is not encountered when there has been erected a mere restraint upon the right to secure an immediate estate in severalty.

*In Re Tombs Estate*, 155 Pa.Super. 605, 39 A.2d 367, 370 (1944) (citations omitted).

¶ 10 However, where a testamentary restriction on alienation can be construed as merely a subordinate purpose of the testator, such restriction will be deemed invalid.

Where a testator in the first instance uses language suitable to the grant of a fee-simple estate, but by subsequent words, immediately following in the devise, indicates a dominant intent to give only a less estate, the latter purpose will be upheld. On the other hand, where it is apparent from the words of the will that the dominant purpose of the testator is to devise a fee-simple estate, and the subsequent language indicates merely a subordinate intent to strip the es-

tate thus given of one or more of its inherent attributes, the law will hold that this cannot be done, and the fee-simple estate passes to the devisee with all of its inherent qualities.

*Stineman v. Stineman,* 382 Pa. 153, 157–158, 114 A.2d 137, 139 (1955) (citations and footnote omitted). In order to determine the intent of the testator, Pennsylvania courts have employed a fact specific approach.

Courts have [the duty to determine the intention of the testator] in the last analysis, and cases, even in the same jurisdiction, which seem to be, on the one hand, completely parallel, or, on the other hand, in irreconcilable conflict, are really not so because in each instance the result reached is founded upon the court's decision, in view of all the circumstances, as to what the testator intended. As was said by Chief Justice Marshall, 'Cases on wills may guide us to general rules of construction; but, unless a case cited be in every respect directly in point, and agree in every circumstance, it will have little or no weight with the court, who always look upon the intention of the testator as the polar star to direct them in the construction of wills.'

*Pavlikowski v. Ehrhardt,* 192 Pa.Super. 373, 161 A.2d 652, 653–654 (1960) (citations and quotations omitted.)

¶ 11 Employing this case-specific paradigm, we determine that the particular circumstances presented in this case compel the conclusion that the Decedent primarily intended to transfer his one-half interest in the property to his heirs subject to the condition that such heirs could not divide the property without the consent of his brother or his brother's beneficiaries. Indeed, the specific language of the Decedent's Will included two consecutive references to the fact that the Decedent's gift of his interest in the property was subject to the condition that the property not be divided without the consent of his brother.

¶ 12 The case *sub judice* is factually similar to *In Re Tombs Estate, supra.* In that case, the decedent devised real estate to his children in equal shares, but specified that the property was not to be sold without the consent of a majority of the surviving heirs. In *Tombs Estate,* this Court determined that the overall dispositive plan of the testator revolved around ensuring that his heirs could continue to utilize the real estate in question as a family home. Likewise in this case, it appears that it was of significant importance to the Decedent that the property, which he had shared with his brother for close to thirty years, remain in the family until all could agree otherwise. Therefore, we conclude that the trial court correctly determined that the language in question was not indicative of a subordinate purpose, and therefore it was not void as an unreasonable restraint on alienation.

¶ 13 Moreover, the trial court also properly determined that the language in question was not unlimited in duration and therefore was not an unreasonable restraint on alienation. Specifically, the trial court found that the Rule Against Perpetuities applied, which had the effect of limiting Appellant's *inability* to divide the property to a reasonable time period. We agree.

¶ 14 Pennsylvania has adopted the "wait and see" approach regarding the Rule Against Perpetuities. 20 Pa.C.S.A. § 6104(b). As such, the Rule is applied by measuring "actual rather than possible events." *Id.* Therefore, we have held that an interest is not void until twenty-one years after the death of the last life in being. *See Estate of Royer v. Wineland Equipment, Inc.,* 444 Pa.Super. 276, 663 A.2d 780, 782 (1995).

¶ 15 In this case, the life in being referred to under the Rule is represented by Appellee. As a result, the Rule will not be violated, if at all, until twenty-one years after Appellee's death. However, at such time, the Decedent's surviving children will be free to file a motion for partition if they have been unable up to that point to obtain the consent of Appellee's surviving beneficiaries. Furthermore, nothing precludes Decedent's surviving children from negotiating with either Appellee or his intended beneficiaries to bring about an earlier resolution to this matter. *See Estate of Royer, supra* (holding that "option" agreement did not immediately violate Rule Against Perpetuities but encouraging the parties to negotiate a resolution prior to the expiration of the restricted period). Therefore, we conclude that the trial court properly determined that the testamentary language at issue does not constitute an unreasonable restraint against alienation.

¶ 16 In her second and third issues, Appellant also complains that the trial court's deletion of the word "and" was improper and did not ameliorate the unreasonable nature of the Will's restrictions. We disagree.

¶ 17 First, in general, trial courts possessing general equitable powers have original jurisdiction to grant relief by reformation. *Potteiger v. Fidelity–Philadelphia Trust Company*, 424 Pa. 418, 427, 227 A.2d 864, 871 (1967). Therefore, the trial court was within its purview in removing the word "and" from the Will. In addition, the trial court's action merely operated to clarify that Appellant would need only the consent of Appellee *or* his beneficiaries to effectuate a sale of the property. Thus, the trial court's reformation served to *less-*

en the burden upon Appellant's alienation rights. Accordingly, we once again conclude that the trial court correctly found that the language at issue, once the word "and" was deleted, did not constitute an unreasonable restraint against alienation.

¶ 18 Turning to Appellee's issues on cross appeal, he argues that he is entitled to both punitive damages and attorney's fees due to Appellant's "reckless and vexatious" conduct. (Appellee's Brief at 10–12). We find this argument to be without merit.[3]

¶ 19 Our standard of review regarding claims for punitive damages is well settled:

> Punitive damages will lie only in cases of outrageous behavior, where defendant's egregious conduct shows either an evil motive or reckless indifference to the rights of others. Punitive damages are appropriate when an individual's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton, or reckless conduct.

*Pestco, Inc. v. Associated Products, Inc.*, 880 A.2d 700, 709 (Pa.Super.2005) (citations omitted).

¶ 20 This Court has the authority to award reasonable counsel fees where it determines that an appeal is frivolous or taken solely for delay, or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. Pa.R.A.P. 2744. Our application of this rule is premised upon the following:

> In determining the propriety of such an award, we are ever guided by the principle that an appeal is not frivolous simply because it lacks merit. Rather, it must be found that the appeal has no basis in

---

**3.** As a result of our disposition of Appellee's issues on cross-appeal, we need not address

Appellant's fourth issue.

law or fact. This high standard is imposed in order to avoid discouraging litigants from bringing appeals for fear of being wrongfully sanctioned.

*Menna v. St. Agnes Medical Center,* 456 Pa.Super. 301, 690 A.2d 299, 304 (1997) (citations omitted).

¶ 21 In his brief, Appellee contends that the mere pursuit of the instant appeal was "reckless and vexatious" on the part of Appellant. Incredibly, Appellee emphasizes that he repeatedly pointed out to Appellant and her counsel that Appellant's claims were without merit and therefore, she should have just accepted his analysis and immediately discontinued her appeal. (Appellee's Brief at 10–11). We advise Appellee and his counsel that Appellant was under no obligation to "take your word for it." Indeed, although we conclude that Appellant's claims on appeal merit no relief, they are in no way frivolous. Appellant's arguments are well-reasoned, complex, and rationally based in law, in marked contrast to Appellee's assertion that punitive damages and attorney's fees are warranted instantly. Therefore, we affirm the trial court's denial of punitive damages and attorney's fees.

¶ 22 For the reasons set forth above, we conclude that the language of the Will did not constitute an unreasonable restraint on alienation and the trial court was well within its purview in clarifying the Will by deleting the word "and." Furthermore, the trial court correctly declined to grant Appellee punitive damages or attorney's fees. Accordingly, we affirm the trial court's order denying Appellant's motion for partition.

¶ 23 Order affirmed.