J-A02023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROSANNA M. JOHNSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PB SERVICES, INC., REAL ESTATE | |
| Appellee | No. 1468 MDA 2015 |

Appeal from the Order Entered July 28, 2015
In the Court of Common Pleas of the 39th Judicial District
Franklin County Branch
Civil Division at No: 2013-2377

BEFORE:  PANELLA, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 17, 2016**

Rosanna M. Johnson ("Johnson" or "Appellant") appeals *pro se* from the July 28, 2015 order entered in the Franklin County Branch of the Court of Common Pleas of the 39th Judicial District, granting summary judgment in favor of PB Services, Inc., Real Estate ("PB Services" or "Appellee"). Following review, we affirm.

In its Opinion and Order entered on July 28, 2015, the trial court set forth the procedural and factual background of this case in detail.  Briefly, Johnson entered into a one-year lease (June 1, 2012 through May 31, 2013) for an apartment managed by PB Services.  The monthly rent was $840.00,

---

[*] Former Justice specially assigned to the Superior Court.

reduced to $820.00 if paid before the first of the month.[1] Johnson was responsible for payment of utilities and was required to have the utility account put in her name. The lease required an $820.00 security deposit "to be refunded upon vacating, returning of keys to the office and written termination of the contract according to all other terms herein agreed. The entire security deposit will be held to cover any possible damage to the property or any unpaid rent or utilities." Trial Court Opinion and Order, 7/28/15, at 9 (quoting Appellant's Complaint, Exhibit 1, ¶ 3) (brackets omitted).

On November 17, 2012, Johnson notified PB Services of her intent to vacate the premises on November 30, 2012. PB Services did not provide written agreement to Johnson's November 17, 2012 notice to vacate. Johnson removed her name from the utility account upon vacation of the premises and the property owner's name was placed on the account.

Johnson made monthly rental payments for December 2012 and January 2013 and in January 2013 reimbursed PB Services for a utility payment made by PB Services. In February 2013, Johnson made a payment of $3,280.00 for the remaining four months of her lease but disputed liability for an additional utility bill and returned the bill to PB Services.

_____

[1] Because all payments were timely made to receive the discounted rate, we shall refer to the amount of the monthly rent, as well as the amount of the security deposit, as $820.00.

On May 1, 2013, with one month left on the lease term, PB Services entered into a lease with a new tenant. By that time, PB Services had paid utility bills for the premises totaling $831.85, an amount exceeding Johnson's security deposit by $11.85.[2] Because Johnson's lease was terminated when PB Services entered into the new lease, PB Services sent Johnson two checks—dated May 20 and 21, 2013—totaling $820.00 ($11.85 and $808.15), representing repayment of the May 2013 rent she prepaid in February. PB Services did not refund any part of Johnson's security deposit, having exhausted the deposit through payment of utilities.

Johnson filed a civil complaint seeking damages in the amount of $1,640.00. A magisterial district justice dismissed her complaint without prejudice. Johnson appealed. In her Complaint filed with the common pleas court, Johnson identified three "causes of action" characterized as (1) Return of Security Deposit, (2) Appeal MDJ Decision, and (3) Advance Rent Payment. Johnson sought damages for $910.00 paid from her security deposit for utilities, $1,640.00 representing double her security deposit, and $820.00 in prepaid rent. Appellant's Complaint, 7/2/13, at 7-8.

---

[2] The ledger reflects that PB Services made one utility payment for the leased premises on May 8, 2013, after PB Services entered into a new lease for the premises. The payment made on May 8 represented charges for services through April 23, 2013. *See* PB Services Answer to Johnson's Complaint, 4/16/14, Exhibit B-4.

On August 22, 2014, a panel of arbitrators entered an award in favor of PB Services. Johnson appealed and the case proceeded with the parties conducting additional discovery. PB Services filed a motion for summary judgment to which Johnson responded. Following argument on the motion on July 13, 2015, the trial court granted PB Services' motion and dismissed Johnson's complaint with prejudice. This timely appeal followed.

Johnson filed a statement of errors complained of on appeal that the trial court described as raising "eleven issues including one issue with fourteen subparts." Trial Court Rule 1925(a) Opinion, 9/17/15, at 1. The trial court determined the 1925(b) statement was "redundant, frivolous, and not appropriately concise" and found that Johnson had waived the issues. *Id.* To the extent this Court might conclude the issues were not waived, the trial court advised that its reasons for granting summary judgment could be found in its July 28, 2015 Opinion and Order. *Id.*

In her brief filed with this Court, Johnson identifies two issues for our consideration:

1. Did the [c]ourt err by granting [Appellee's] summary judgment [motion] when genuine issues of material fact remained in dispute which should have been submitted to a jury at trial?

2. Did the [c]ourt abuse its discretion by granting [Appellee's] Motion for Summary Judg[]ment when the documentary evidence submitted therewith did not support the Motion[?]

Appellant's Brief at 4.

- 4 -

While we cannot disagree with the trial court's characterization of Johnson's 1925(b) statement as somewhat "redundant" or "not appropriately concise," we are not willing to dismiss it as frivolous. Moreover, while Johnson as a *pro se* litigant is not entitled to disregard our procedural rules, **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005), we can appreciate that Johnson "made a good faith effort to abide by" them when she presented all the matters she believed should be preserved for appeal. Appellant's Response Brief at 6. Because we believe the issues as framed in Johnson's brief embody the matters presented in her Rule 1925(b) statement, we shall consider them.

We begin by setting forth our standard of review.

> "[S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." **Atcovitz v. Gulph Mills Tennis Club, Inc.**, 812 A.2d 1218, 1221 (Pa. 2002); Pa.R.C.P. No. 1035.2(1). When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. **Toy v. Metropolitan Life Ins. Co.**, 928 A.2d 186, 195 (Pa 2007). In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment "where the right to such judgment is clear and free from all doubt." **Id**.

**Truax v. Roulhac**, 126 A.3d 991, 996 (Pa.Super. 2015) (*en banc*) (citation omitted). An order granting summary judgment will be reversed if the trial court committed an error of law or abused its discretion. **Id**.

In her first issue, Johnson contends the trial court erred by granting summary judgment in light of genuine issues of material fact that remain in dispute. Based on our review of the facts of record and reasonable inferences therefrom—viewed in the light most favorable to Johnson, we conclude there are no genuine issues of material fact in dispute. Johnson entered into a one-year lease and made monthly payments of $820.00 both while occupying the premises and after she vacated it. Because she prepaid the May 2013 rent and PB Services entered into a lease with a new tenant beginning May 1, 2013, BP Services appropriately refunded her prepaid May 2013 rent. Despite the fact the checks were drawn on a security deposit account and a general account, the checks issued to Johnson on May 20 and 21, totaling $820.00, clearly represented a refund of that prepaid rent. *See* PB Services Supplemental Answer to Johnson's Request for Production of Document and Exhibits, 11/7/14.

Johnson's lease also required a security deposit in the amount of $820.00, to be refunded upon termination of the lease. However, the lease specified that the deposit would be held to cover any damage to the property or any unpaid rent or utilities. Residential Lease Agreement, 6/1/12, at 1, ¶ 3. Although Johnson believes her obligation to pay utilities ended when she vacated the premises and her name was removed from the account, that is not the case. For the duration of her lease term, she was obligated to pay for the utilities and was obligated to have her name on the

utility account. *Id.* at 4-5, ¶ 14. Because Johnson improperly removed her name from the account when she vacated the premises at the end of November, PB Services made the utility payments that were Johnson's obligation under the lease. Those payments totaled $831.85, an amount exceeding Johnson's security deposit by $11.85.

Once PB Services leased the premises effective May 1, 2013, the lease terminated. At that point, PB Services sent Johnson checks totaling $820.00 as reimbursement of her prepaid May rent. Johnson was not entitled to a refund of her security deposit because those funds were exhausted by payment of utilities for the apartment.

Johnson suggests that the checks sent to her represented a refund of her security deposit and that she is owed her prepaid May rent. Despite being drawn on the wrong PB Services account, it is apparent that PB Services paid Johnson everything to which she was entitled. Moreover, in the letter accompanying the checks, PB Services explained that the checks represented a refund of her prepaid rent and that her security deposit was used to pay utility bills, with PB Services covering the $11.85 excess of utility bills over the amount of the security deposit. *See* Johnson's Answer to PB Services Preliminary Objections, 9/18/13, Exhibit "F." Even if the funds were paid out the wrong account, Johnson received everything to which she was entitled. There is no genuine issue of material fact concerning any claims for relief asserted in Johnson's Complaint.

Johnson also argues that she terminated the lease on February 13, 2013 when she prepaid the rent for the remainder of the lease term. However, the lease clearly reflects that the term of the lease was June 1, 2012 through May 31, 2013. *Id.* at 1, ¶ 1. There is no provision in the lease indicating otherwise. The lease would have terminated on May 31, 2013 but for PB Services' ability to find a new tenant as of May 1, 2013, saving Johnson $820.00.

There are no genuine issues of material fact to preclude entry of summary judgment and PB Services is entitled to judgment as a matter of law. Finding no error in the trial court's determination in this regard, Johnson's first issue fails.

In her second issue, Johnson complains that documentary evidence did not support PB Services' summary judgment motion. Again, Johnson is relying on the fact that a check was mistakenly written from a security deposit account rather than an escrow account. The evidence might reflect sloppy accounting on the part of PB Services. Regardless, PB Services paid Johnson everything to which she was entitled. The evidence supported the grant of summary judgment in PB Services' favor. Johnson's second issue fails.

The trial court neither committed error of law nor abused its discretion by granting summary judgment in favor of PB Services. Therefore, we shall not disturb its ruling.

Order affirmed.[3]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2016

---

[3] In its brief, PB Services asks this Court to award counsel fees pursuant to Pa.R.A.P. 2744, which authorizes an award of, *inter alia*, counsel fees if we "determine[] that an appeal is frivolous . . . or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." We can appreciate PB Services' frustration at defending this action before the magistrate district justice, an arbitration panel, the trial court and now this Court. We might find Johnson's actions ill-advised and an improvident use of her own time and resources but we also recognize an appeal is not frivolous simply because it lacks merit. ***See Griffith v. Kirsch***, 886 A.2d 249, 255 (Pa. Super. 2005) (citation omitted). Therefore, we decline to impose counsel fees.