J-A09028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVIS M. JENKINS AND ANNE P JENKINS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| P.P.& V. CORPORATION, A DELAWARE CORPORATION, ITS SUCCESSORS AND ASSIGNS, AND THE WHOLE WORLD | : | |
| | : | No. 692 WDA 2020 |
| | : | |
| APPEAL OF: P. P. & V. CORPORATION | : | |

Appeal from the Order Entered June 12, 2020
In the Court of Common Pleas of Cambria County Civil Division at No(s):
2019-1422-CD

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED:  JUNE 21, 2021**

Defendant, P.P. & V. Corporation, appeals from the grant of judgment on the pleadings to the Plaintiffs, David and Anne Jenkins, in this dispute over oil and natural gas rights.  The parties disagree whether P.P. & V. conveyed those rights to it successors in title, including the Jenkinses.  Sitting *en banc*, the trial court unanimously determined that two deeds, when read together, transfer the oil and natural gas to the Jenkinses.  We agree and affirm.

The oil and natural gas at issue lies beneath a plot of land in Cambria County, known as the "Boyle Tract."  The parties agree that, on June 27, 1967, P.P. & V. acquired a one-half interest in the Boyle Tract's oil and natural gas

_____

[*] Retired Senior Judge assigned to the Superior Court.

from Cherry Tree Coal Company.  ***See*** Complaint at 3-4, ¶ 12; Answer at 3, ¶ 12.  The parties also agree that, on December 29, 1981, P.P. & V. executed a quit-claim deed to Harry M. Keilman.  ***See*** Complaint at 4, ¶ 13, Answer at 3, ¶ 13.

They disagree whether the P.P. & V.-to-Keilman Deed conveyed the oil and natural gas to Mr. Keilman and, through him and other successors, to the Jenkinses.  ***See id.***  In relevant part, the P.P. & V.-to-Keilman Deed conveys:

> ALL the right, title and interest that [P.P. & V.] has or may have of, in and to all the coal and other minerals together with such rights now vested in [P.P. & V.] in all those certain parcels of land situate in West Carroll, formerly Carroll, and in Susquehanna Townships, Cambria County, Pennsylvania . . . Said grants being for an undivided one-half interest as set forth in parcels 8(a) and 8(b) in deed of Carrolltown Coal Company, R.W. Scollon and Helen B. Scollon, his wife, dated April 15, 1957 and recorded in Deed Book Volume 697 at page 137.

Complaint, Ex. I at 1-2; Cambria County Deed Book Volume 1092 at 316-17.  Notably, the above deed incorporates part of the Carrolltown Coal Company-to-Scollons Deed by reference.

The incorporated part of the Carrolltown Coal Company-to-Scollons Deed specifically refers to oil and natural gas rights as follows:

> <u>8 – Oil & Gas Rights.</u>
>
> (a)    All the oil, gas and other minerals, under Grantor's lands in aforesaid Township together with such rights as set forth in Agreement and Conveyance from T. F. Dougherty *et ux* to The Bloomington Company under date of 8/15/52 and recorded in Deed Book 645, Page 12 and being the same as granted to the Grantor herein as parcel "No. 28" in Deed of January 1, 1957,

from The Bloomington Company to the Grantor herein.

(b)     The Grantor herein further grants unto the Grantees herein all its title and interest to all oil and gas and other mineral together with such rights as now vested in the Grantor in all those certain parcels in West Carroll, formerly Carroll, and in Susquehanna Townships, Cambria County, Pennsylvania, as conveyed by The Bloomington Company to the Grantor herein by deed of January 1, 1957, and recorded in Deed Book 692, Page 314.

Complaint, Ex. D at 4; Cambria County Deed Book Volume 697 at 140.

Mr. Keilman's rights under the Boyle Tract passed to others, including Martha Bender. Ms. Bender defaulted on her property taxes, and her rights to any minerals underneath the Boyle Tract therefore lapsed to Cambria County. *See* Complaint at 5, ¶ 18-19. The Tax Claim Bureau of Cambria County sold and conveyed Ms. Bender's lapsed mineral rights to the Jenkinses on April 20, 2006. *See id.* at 1-2, ¶ 3.

Thirteen years later, on April 10, 2019, the Jenkinses filed this quiet-title action against P.P. & V. and the whole world. They sought a declaration that they own in fee simple "the undivided one-half interest in the oil and gas rights" beneath the Boyle Tract. *Id.* at 5.

P.P. & V. moved for judgment on the pleadings. Following briefing and oral argument, an *en banc* panel of the trial court (Judges David J. Tulowitzki, Patrick T. Kiniry, and Linda Rovder Fleming) held that P.P. & V. conveyed its oil and natural gas rights to Mr. Keilman. The court *en banc* also concluded those rights eventually passed to the Jenkinses. Writing for the unanimous

court, Judge Kiniry denied P.P. & V.'s motion for judgment on the pleadings. *See* Trial Court Opinion, 9/10/19, at 1.

The following April, the Jenkinses moved for judgment on the pleadings and attached Judge Kiniry's Opinion and Order as the primary basis for their motion. A second *en banc* panel (Judges Tulowitzki, Kiniry, and Tamara A. Bernstein) received briefs and heard oral argument on the Jenkinses' motion. That court *en banc*, in an opinion by Judge Bernstein, unanimously adopted the decision of the prior panel and granted judgment on the pleadings to the Jenkinses. *See* Trial Court Opinion, 6/12/20, at 1. This timely appeal followed.

P.P. & V. raises one issue. It asks, "Did the trial court err and abuse its discretion by [misapplying] the [Rule in **Dunham & Shrott v. Kirkpatrick**, 101 Pa. 36 (1882),] when it incorrectly expanded the meaning of the word 'mineral' in [the Jenkinses'] deed to include oil and gas without 'clear and convincing evidence?'" P.P. & V.'s Brief at 7.

The interpretation of deeds presents a pure question of law. "As with any question of law, we review the trial court's construction of a deed *de novo*." **Murphy v. Karnek**, 160 A.3d 850, 859 (Pa. Super. 2017).

P.P. & V. claims the 1981 deed it executed in favor of Mr. Keilman did not transfer P.P. & V.'s one-half interest to the oil and natural gas beneath the Boyle Tract. It believes that, because the words "oil and natural gas" do not appear in the quit-claim deed to Mr. Keilman, then the parties did not intend to transfer those particular mineral rights to Mr. Keilman. According to P.P. &

- 4 -

V., "If the parties' intent had been to include a conveyance of oil and gas, surely they would have included those three simple but essential words." *Id.* at 10.

When interpreting a deed, a "court's primary object must be to ascertain and effectuate what the parties themselves intended." *Ralston v. Ralston*, 55 A.3d 736, 742 (Pa. Super. 2012) (quoting *Consolidation Coal Co. v. White*, 875 A.2d 318, 326–27 (Pa. Super. 2005)). We apply several principles when determining the intent of the parties. "First, the nature and quantity of the interest conveyed must be ascertained from the deed itself and cannot be orally shown in the absence of fraud, accident or mistake. We seek to ascertain not what the parties may have intended by the language but what is the meaning of the words they used." *Id.* Second, we must give effect "to all the language of the instrument, and no part shall be rejected if it can be given a meaning." *Id.* Third, "If a doubt arises concerning the interpretation of the instrument, it will be resolved against the party who prepared it." *Id.*

In rejecting P.P. & V.'s claim that it reserved the oil and natural gas, the learned Judge Kiniry explained as follows:

> "A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law." *Miller v. Nelson*, 768 A.2d 858, 860 (Pa. Super. 2001) (citation omitted).
>
> The parties in this case both agree that no material issue of fact exists. The parties also agree that the controlling case law comes from the Pennsylvania Supreme court case of *Highland v. Commonwealth*, 400 Pa. 261 (1960). Both parties cite to similar portions, of the

*Highland* case in reliance on their respective positions; however, both parties disagree as to how the case law should be applied. The *Highland* Court relied on . . . *Dunham* [*supra*, which] held that, "if, in connection with a conveyance of land, there is a reservation, or an exception of 'minerals' without any specific mention of, natural gas or oil, a presumption, rebuttable in nature, arises that the word 'minerals' was not intended by the parties to include natural gas or oil." *Highland*, 400 Pa. 276. "As a rule of property long recognized and relied upon, the *Dunham* rule binds and controls the situation when the word 'minerals' appears in a grant, rather than an exception or a reservation." *Highland* 400 Pa. 277, "To rebut the presumption established in *Dunham*, that natural gas or oil is not included within the word 'minerals' there must be clear and convincing evidence that the parties to the conveyance intended to include natural gas or oil within such word." *Id.* at 277.

\* \* \* \* \*

The Court finds that [the P.P. & V.-to-Keilman Deed] expressly included . . . Paragraphs 8(a) and 8(b) from [the Carrolltown Coal Company-to-Scollons Deed] in the granting clause which intentionally granted all of the rights owned by the Grantor. In *Highland*, the Court discussed rules applicable to the construction of deeds, among those, that "effect must be given to all the language of the instrument and no part shall be rejected if it can be given a meaning." *Id.* at 283. [The P.P. & V.-to-Keilman Deed] provides clear and convincing evidence that a transfer of the oil and gas rights was intended by [P.P. & V.] by clearly referencing Paragraphs 8(a) and 8(b) from [the Carrolltown Coal Company-to-Scollons Deed] as an interest being conveyed to the Grantee in that deed. Therefore, the court gives effect to the specific reference of Paragraphs 8(a) and 8(b) as an intentional granting of the oil and gas rights and finds that [the P.P. & V.-to-Keilman Deed] effectively granted title to the undivided one-half interest in the oil and gas rights provided in Paragraph 8 of [the Carrolltown Coal Company-to-Scollons Deed].

Trial Court Opinion, 9/10/19, at 2-4.

We fully agree with the well-reasoned analysis of the foregoing opinion and adopt it as our own. When read in conjunction, the two deeds leave no room for doubt that P.P. & V. intended to grant Mr. Keilman, "an undivided one-half interest as set forth in parcels 8(a) and 8(b) in deed of Carrolltown Coal Company, R.W. Scollon and Helen B. Scollon, his wife, dated April 15, 1957 and recorded in Deed Book Volume 697 at page 137." Complaint, Ex. I at 1-2; Cambria County Deed Book Volume 1092 at 316-17. The interest set forth in Paragraphs 8(a) and 8(b) of the Carrolltown Coal Company-to-Scollons Deed is one-half of the oil and natural gas beneath the Boyle Tract. *See* Complaint, Ex. D at 4; Cambria County Deed Book Volume 697 at 140.

That oil and natural gas passed down the chain of title from Mr. Keilman to the Jenkinses. Thus, the trial court correctly entered judgment on the pleadings and quieted title to a one-half interest in the oil and natural gas rights beneath Boyle Tract in the Jenkinses.

Order affirmed.

Judge Stabile joins the Memorandum.

Judge Pellegrini concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>06/21/2021</u>