J-A28016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EDWARD MAZUREK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOANNE RUSSELL | |
| Appellee | No. 257 EDA 2014 |

Appeal from the Order Entered November 14, 2013
In the Court of Common Pleas of Montgomery County
Civil Division at No.: 08-14339

BEFORE:  GANTMAN, P.J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                    **FILED DECEMBER 18, 2014**

Edward Mazurek ("Husband") appeals the November 14, 2013 order, in which the trial court found him to be in contempt of the parties' property settlement agreement ("PSA").  We affirm.

A prior panel of this Court summarized the factual and procedural history as follows:

> The parties were married on May 25, 1985, and are the parents of four children, two of whom [were] minors [in 2012].  On April 20, [2010], the trial court entered a divorce decree incorporating by reference a PSA signed by the parties that same day.  The PSA clearly states that Husband, who is an attorney, did not retain counsel, but instead chose to negotiate directly with [Joanne Russell ("Wife")] and her attorney.
>
> On April 4, 2011, Wife filed a petition to enforce the PSA.  She asserted that Husband: (a) failed to make a lump sum equitable distribution payment of $125,000.00 to her attorney as escrow agent; and (b) failed to provide her with proof of life insurance policies payable to her and to a trust for the benefit of the parties' children as irrevocable beneficiaries upon Husband's

death. Wife also sought counsel fees and costs related to the enforcement of the PSA.

The trial court held a hearing on October 19, 2011, at which Husband represented himself. By order dated November 1, 2011, the court directed Husband to: (a) forward $125,000.00 plus interest in the amount of $19,000.00 to Wife's attorney as escrow agent; (b) provide proof of the existence of life insurance policies as set forth in the PSA; and (c) pay $3,700.00 in counsel fees and costs.

*Mazurek v. Russell*, 3159 EDA 2011, slip op. at 1-2 (Pa. Super. December 6, 2012) (citations to record omitted). Husband appealed and this Court affirmed the trial court's order on December 6, 2012.

On April 4, 2012, Wife filed a petition for contempt and enforcement of the November 1, 2011 order. Husband filed a petition to revoke and rescind a portion of the PSA on July 23, 2012. Wife filed a motion to dismiss Husband's petition. Husband filed an application for supersedeas and Wife filed an answer and counterclaim. On April 26, 2013 and May 21, 2013, Wife filed emergency petitions for contempt and for enforcement of the PSA. The trial court held hearings on April 30, 2013, August 21, 2013, and September 24, 2013 to resolve these outstanding issues.[1]

On November 14, 2013, the trial court docketed its order that found Husband in contempt of the November 1, 2011 order and granted Wife's

---

[1] We note that only the September 24, 2013 hearing transcript was included in the certified record. Through informal inquiries, we were able to obtain the April 30 and August 21 hearing transcripts. We remind Husband that, even though he is *pro se*, as Appellant, it is his burden to ensure that the record is complete or he runs the risk of waiver.

April 4, 2012 petition for contempt. Husband again was ordered to pay interest on the lump sum, to pay the interest awarded in the November 1, 2011 order, to provide proof that required life insurance policies were in effect, and to pay counsel fees to Wife's counsel. In the November 14, 2013 order, the trial court also denied Husband's petition to revoke and rescind a portion of the PSA and awarded Wife's counsel fees in association with defending that petition. The court granted Wife's counterclaim to Husband's application for supersedeas and awarded Wife counsel fees. Finally, the trial court granted both of Wife's emergency petitions for contempt and enforcement. The court ordered Husband to pay the children's outstanding medical and dental bills, to provide proof of medical and dental insurance, and to pay counsel fees to Wife's attorney. The court also awarded counsel fees in connection to the April 30, August 21, and September 24, 2013 hearings.

On December 12, 2013, Husband filed a notice of appeal. The trial court ordered, and Husband timely filed, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On February 14, 2014, the trial court filed its Pa.R.A.P. 1925(a) opinion.

Husband raises the following issues for our review:

1. Whether the trial court erred in finding [Husband] in contempt of Court for not complying with Section 9.1.4.3 of the Parties' [PSA] where it is undisputed that the 1% monthly interest liquidated damages provision set forth in Section 9.1.4.3 was ***not*** an approximation of damages that would be incurred as a result of a delay in [Husband's] payment of $125,000 under the PSA, but was a penalty designed to

- 3 -

incent payment of the $125,000 to avoid the penalty and is, therefore, unenforceable as a matter of public policy.

2. Whether the trial court erred in denying and dismissing [Husband's] Petition to Revoke and/or Rescind Section 9.1.4.3 of the Parties' PSA where it is undisputed that the 1% monthly interest liquidated damages provision set forth in Section 9.1.4.3 was *not* an approximation of damages that would be incurred as a result of a delay in [Husband's] payment of $125,000 under the PSA, but was a penalty designed to incent payment *in terrorem* of the $125,00 to avoid the penalty and is, therefore, unenforceable as a matter of public policy.

3. Whether the trial court erred in awarding [Wife] $6,485.70 in attorneys' fees in connection with [Husband's] Petition to Revoke and/or Rescind Section 9.1.4.3 of the Parties' PSA.

4. Whether the trial court erred in finding [Husband] in contempt of its November 1, 2011 Order where, by the time the Court issued its November 13, 2013 [order] finding [Husband] in contempt, [Husband] had complied with all terms of the November 1 Order except for complying with the unenforceable liquidated damages provision set forth in Section 9.1.4.3 of the PSA.

5. Whether the trial court erred in awarding [Wife] $4,876.50 in attorneys' fees in connection with her April 4, 2012 Petition for Contempt and Enforcement of November 1, 2011 Order.

6. Whether the trial court erred in finding [Husband] in contempt of court for allegedly not paying outstanding medical, dental and orthodontia bills for his children where there was no evidence that [Husband] failed to pay any outstanding medical, dental or orthodontia bills for his children as required by the PSA.

7. Whether the trial court erred in concluding that the PSA required [Husband] to pay for a second set of cosmetic braces for one of his children where the PSA expressly provides that [Husband] is obligated to pay only orthodontic bills that are reasonably necessary for his children and there is absolutely no evidence that the cosmetic braces were reasonably necessary.

8. Whether the trial court erred in holding [Husband] in contempt for allegedly failing to provide proof of medical and dental insurance for his children where there was no evidence that [Husband] failed to provide such proof.

9. Whether the trial court erred in awarding [Wife] $3,050.50 in attorneys' fees in connection with [Husband's] Petition for Supersedeas.

10. Whether the trial court erred in awarding [Wife] $3008.00 in attorneys' fees in connection with her April 26, 2013 Emergency petition for Contempt.

11. Whether the trial court erred in awarding [Wife] $2,161 in attorneys' fees in connection with her May 21, 2013 Emergency Petition for Contempt.

12. Whether the trial court erred in awarding [Wife] $8,595.00 in attorneys' fees in connection with her counsel's attendance at hearings on April 20, August 21 and September 24, 2013.

13. Whether the trial court erred in ruling that 42 Pa.C.S.A. §§ 4132 and 4133 and 23 Pa.C.S.A. §§ 3105(a) and 3502(e) each authorizes the Court to impose imprisonment, a fine, attorney's fees and costs and wage attachments.

Husband's Brief at 9-13 (emphasis in original).[2]

_____

[2] Husband's statement of questions involved spans four pages of his brief. While the 2013 amendments to the Rules of Appellate Procedure eliminated the page limit for the statement of questions involved, "verbosity continues to be discouraged." Pa.R.A.P. 2116, Note. Further, the argument section of the brief "shall be divided into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). In violation of this Rule, Husband includes only two argument sections, with four subsections, in his brief. Husband's Brief at 25-45. To the extent that any of Husband's stated questions are not subsumed in his condensed argument sections, those questions have been waived. *See Commonwealth v. Jackson*, 431 A.2d 944, 945 n.1 (Pa. 1981) (holding issue listed in statement of questions, but not addressed in argument section, was waived).

Husband divides his argument into two main sections. In the first section of his brief, Husband challenges the trial court's contempt findings.

> "When considering an appeal from an [o]rder holding a party in contempt for failure to comply with a court [o]rder, our scope of review is narrow: we will reverse only upon a showing the court abused its discretion." *Harcar v. Harcar*, 982 A.2d 1230, 1234 (Pa. Super. 2009) (quoting *Hopkins v. Byes*, 954 A.2d 654, 655 (Pa. Super. 2008)). We also must consider that:
>
>> Each court is the exclusive judge of contempts against its process. The contempt power is essential to the preservation of the court's authority and prevents the administration of justice from falling into disrepute. When reviewing an appeal from a contempt order, the appellate court must place great reliance upon the discretion of the trial judge.
>
> *Langendorfer v. Spearman*, 797 A.2d 303, 307 (Pa. Super. 2002) (quoting *Garr v. Peters*, 773 A.2d 183, 189 (Pa. Super. 2001)). "The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason." *Godfrey v. Godfrey*, 894 A.2d 776, 780 (Pa. Super. 2006). Additionally, "[i]n proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate, by [a] preponderance of the evidence that the defendant is in noncompliance with a court order." *Lachat v. Hinchcliffe*, 769 A.2d 481, 488 (Pa. Super. 2001). However, "a mere showing of noncompliance with a court order, or even misconduct, is never sufficient alone to prove civil contempt." *Id.* Moreover, we recognize that:
>
>> To sustain a finding of civil contempt, the complainant must prove certain distinct elements: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent.
>
> *Stahl v. Redcay*, 897 A.2d 478, 489 (Pa. Super. 2006).

*Habjan v. Habjan*, 73 A.3d 630, 637 (Pa. Super. 2013).

- 6 -

Husband first argues that he cannot be in contempt of the provision of the order requiring him to pay interest, because that provision is unenforceable. Specifically, Husband contends that Section 9.1.4.3 of the PSA provides that, should Husband be untimely in his payment of $125,000 into escrow, Husband shall pay "interest" on the overdue balance at a rate of one percent per month. Husband asserts that this provision is a liquidated damages clause and that, unless the damages are a reasonable approximation of expected losses from a default, it is unenforceable pursuant to Pennsylvania public policy. Husband contends that a liquidated damages clause cannot impose a penalty, but only can provide for reasonable losses. Because Wife admitted that the one percent interest was to act as a penalty and as an incentive for Husband to timely pay his obligations, Husband argues that the provision is unenforceable and that he cannot be in contempt for failing to comply with an unenforceable provision. Husband's Brief at 27-36.

First, Wife responds that Husband has waived this issue because the interest provision was part of the November 1, 2011 order, but when Husband appealed that order, he did not raise the unenforceability of the interest provision. Wife argues that, by failing to include it in the initial appeal, Husband should not get a second bite of the apple in this appeal. Wife's Brief at 27-31. Alternatively, Wife asserts that the interest provision is not a liquidated damages clause. Wife contends that the provision was put in place to provide Wife with some funds if Husband was unable to pay

the lump sum amount when it was due. Wife also argues that, if the provision is viewed as a penalty for non-payment, such penalty is permissible and not against public policy as demonstrated by the court's ability to award interest on unpaid installments in equitable distribution, citing 23 Pa.C.S.A. § 3502(e). Wife's Brief at 32-37. The trial court also found that Husband had waived this issue. Trial Court Opinion ("T.C.O."), 2/14/2014, at 23.

We agree with Wife and the trial court that Husband's issue is waived. Husband was aware of the imposition of interest resulting from section 9.1.4.3 of the PSA as early as the November 1, 2011 order in which he was ordered to pay $19,000 pursuant to that section. Husband appealed that order but, at that time, did not object to section 9.1.4.3.

Our Supreme Court has held that challenges to a civil verdict must be raised and preserved at all stages. *Schmidt v. Boardman Co.*, 11 A.3d 924, 942 (Pa. 2011). Similarly, we have held that an issue must be raised in the trial court at the earliest possible opportunity:

> On appeal the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected. [O]ne must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter.

*Hong v. Pelagatti*, 765 A.2d 1117, 1123 (Pa. Super. 2000) (citations omitted); see *Foflygen v. Allegheny Gen. Hosp.*, 723 A.2d 705, 711 (Pa.

Super. 1999) (stating appellant must object "at the earliest possible opportunity"). Here, Husband did not do that. He did not raise the issue before the trial court when the interest provision first was imposed, nor did he raise it in that appeal. Instead, he waited until after we had affirmed that order on appeal. Then, he did not pay the interest, and raised the issue in response to Wife's petition to enforce. Because Husband did not raise this issue before the trial court at his first opportunity, Husband has waived the issue. **See Hong**, **Foflygen**, *supra*.

In his second sub-issue, Husband asserts that Wife provided no evidence that he failed to provide proof of the required life insurance policies. Husband also argues that, at the second hearing date, he testified that he had complied with that requirement. Husband's Brief at 36-37.

Wife responds that, because Husband did not provide proof of his life insurance policies, she included the issue in her April 2012 petition for contempt and enforcement of the PSA. Wife contends that Husband did not provide proof until the August 2013 hearing that he had complied with the order. Because Husband did not comply until five months after being ordered to comply "forthwith," Wife maintains that the contempt finding was appropriate. Wife's Brief at 37-39. The trial court found that Husband did not provide Wife with proof until April 2012. Therefore, the trial court concluded that Husband did not provide proof "forthwith," and was in contempt of the November 1, 2011 order. T.C.O. at 24.

The parties' PSA requires that Husband maintain life insurance policies for the benefit of Wife and the children so long as he has financial obligations to them. Property Settlement Agreement, 4/20/2010, at 32-33 ¶16. Further, Wife "shall be entitled to receive . . . a copy of the policy and all renewals, and of any and all notices of premiums due and of default." *Id.* at 33 ¶16.2. In its November 1, 2011 order, the trial court ordered that Husband "shall forthwith forward to [Wife's counsel] proof of the existence of life insurance policies . . . unless proof of the existence of these policies has previously been provided to [Wife]." Order, 11/1/2011.

Initially, Husband testified that the life insurance policies were in effect and that he had previously provided Wife with proof of the policies, but that he did not have any proof with him. He also stated that he disagreed that he was under a continuing obligation to provide proof that the policies remained in effect. Notes of Testimony ("N.T."), 4/30/2013, at 45-48. At the subsequent August 2013 hearing, Husband produced emails providing proof of insurance in April 2012 and an authorization to allow Wife to obtain information about the policies in May 2012. N.T., 8/21/2013, at 31-32.

The trial court found Husband in contempt due to the approximately six-month delay between the November 1, 2011 order that Husband provide documentation "forthwith" and Husband's provision of same. We have defined forthwith as "(1) immediately; without delay. 2. Directly; promptly; within a reasonable time under the circumstances." *Lerner v. Lerner*, 954 A.2d 1229, 1236 n.2 (Pa. Super. 2008) (citing Black's Law Dictionary 664

- 10 -

(7th ed. 1999)). The order was clear, the trial court found Husband did not timely provide the documentation, and there was no legitimate reason for the failure to comply. Husband offered no explanation for the delay. Given these circumstances, the trial court did not abuse its discretion in finding Husband did not comply with the November 1, 2011 order.

We address Husband's third and fourth sub-issues together. In his third issue, Husband challenges the finding that he was in contempt for failing to pay medical, dental and/or orthodontia bills for the children. Husband argues that Wife did not produce evidence that Husband did not pay any bills or that that the unpaid orthodontic bill was for necessary treatment. In the alternative, Husband argues that, if the orthodontic treatment was necessary, his failure to comply was not volitional because he had a reasonable belief that the treatment was not necessary. Husband's Brief at 37-42. In his fourth issue, Husband challenges the finding that he was in contempt for failing to provide proof of medical and dental insurance for the children. In a one-sentence argument, Husband asserts there was no proof of his failure to comply. Husband's Brief at 42.

Wife responds that Husband admitted that he allowed the medical and dental insurance for the children to lapse despite his obligation to provide it. Wife also asserts that Husband admitted that he did not pay for the entirety of the orthodontia bills. Wife argues that Husband knowingly and willfully disregarded his obligations under the PSA. Wife's Brief at 42-46. The trial court agreed, finding that there was nothing in the record to suggest

Husband's conduct was not volitional and not done with wrongful intent. T.C.O. at 31, 34-35.

We agree with the trial court. Husband admitted that he allowed the medical and dental insurance to lapse. N.T., 4/30/2013, at 50. He also admitted that the PSA obligated him to provide that insurance for the children. *Id.* at 54-55, 58. Husband testified that he chose to end the dental insurance and instead just pay for treatments as they arose. *Id.* at 58. Husband paid part of the bill for orthodontic treatment, but did not pay the remainder. *Id.* at 63-67. At the August 2013 hearing, Husband stated that he did not have the dental insurance information with him and had not paid the remaining orthodontic bill. N.T., 8/21/2013, at 34-35.

The trial court found that Husband provided no explanation for his failure to comply and that he willfully and wrongfully violated the clear directive to maintain insurance and pay unreimbursed costs. T.C.O. at 31-32, 35. We agree with the trial court that Husband chose to violate the PSA and did so with wrongful intent. Therefore, we affirm the trial court's contempt finding. *See Childress v. Bogosian*, 12 A.3d 448, 466 (Pa. Super. 2011) (affirming civil contempt in which trial court did not believe the husband's testimony about inability to pay and record evidence supported trial court's determination); *Gunther v. Bolus*, 853 A.2d 1014, 1017-18 (Pa. Super. 2004) (affirming contempt finding where the trial court did not find the husband to be credible in his attempts to explain his failure to

comply and he had a history of non-compliance). Thus, Husband's challenges in the first section of his brief do not merit relief.

In the second section of Husband's brief, he challenges the court's award of counsel fees to Wife.

> Our standard of review of the award of counsel fees pursuant to the Domestic Relations Code is for an abuse of discretion. *See Bowser v. Blom*, 807 A.2d 830, 834 (Pa. 2002). An abuse of discretion is "[n]ot merely an error of judgment, but if in reaching a conclusion[,] the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record." *Id.* (citations omitted). "[R]eview of the grant of counsel fees is limited ... and we will reverse only upon a showing of plain error." *Isralsky v. Isralsky,* 824 A.2d 1178, 1192 (Pa. Super. 2003) (citation omitted).
>
> *Kraisinger v. Kraisinger,* 34 A.3d 168, 175 (Pa. Super. 2011).

*Habjan*, 73 A.3d at 642-43 (some citations modified).

In its November 13, 2013 order, the trial court awarded Wife the following counsel fees:

- $4,876.50 for the preparation and litigation of the April 2012 petition for contempt. Order, 11/13/2013, at 2 ¶1.

- $6,485.70 for preparation and litigation of Wife's motion to dismiss Husband's petition to revoke and rescind a portion of the PSA. *Id.* at ¶3.

- $3,050.50 in fees in her answer and counterclaim to Husband's application for supersedeas. *Id.* at 3 ¶4.

- $3,008.00 for preparation and litigation of Wife's April 26, 2013 emergency petition for contempt and enforcement. *Id.* at ¶5.

- $2,161.00 for preparation and litigation of Wife's May 21, 2013 petition for contempt and enforcement. *Id.* at 4 ¶ 6.

- $8,595.00 for appearances and hearings on April 30, August 21, and September 24, 2013. *Id.* at ¶7.

Husband challenges each of these fee awards. Husband argues that his conduct with regard to the various motions was not dilatory, arbitrary, repetitive, or vexatious, and thus fees should not have been awarded. Husband further asserts that Wife did not prove that the fees were reasonable. Husband's Brief at 42-45.

Wife responds that she was required to file multiple petitions and attend three hearings in response to Husband's failure to comply with the PSA and court orders. Wife also argues that Husband's challenge to the interest provision was dilatory and obdurate because that challenge should have been brought as part of the appeal of the November 2011 order. Wife contends that Husband engaged in vexatious conduct when he filed for supersedeas because he waited until eight months after he filed his appeal. Wife asserts that her attorney submitted the counsel fees information and proved that the fees were reasonable. Finally, Wife argues that counsel fees were also appropriate pursuant to the PSA which provides that a breaching party is liable for the other party's costs and reasonable counsel fees. Wife's Brief at 46-49.

- 14 -

The trial court awarded fees pursuant to 23 Pa.C.S.A. § 5339.[3] T.C.O. at 25. The trial court found Husband's conduct to be arbitrary, vexatious, and repetitive and therefore, awarded counsel fees. The trial court relied upon the facts that Wife had been obligated to file multiple contempt petitions to get Husband to comply with the PSA and the court orders; that Husband did not provide "any legitimate reason" for his failure to comply; and that Husband has been found in contempt previously, which resulted in the November 1, 2011 order. *Id.* at 25-26. With regard to the fees for revision/revocation of the PSA and the application for supersedeas, the trial court found that both of Husband's petitions were frivolous. *Id.* at 28, 30. The trial court awarded fees for the hearings because it found that Husband caused the need for the second and third day of the hearings. *Id.* at 38-39. For all of the awards, the trial court found that Wife's counsel provided sufficient evidence that that fees were reasonable and necessary.

While the section cited by the trial court was inapplicable to this matter, counsel fees in divorce proceedings generally may be awarded upon a finding of vexatious, arbitrary, or obdurate conduct. *See* 42 Pa.C.S.A. § 2503(7). Further, counsel fees may be awarded when a party fails to comply with an equitable distribution order. *See* 23 Pa.C.S.A. § 3502(e).

_____

[3] Section 5339 provides for an award of fees in child custody litigation. However, under the appropriate section, the trial court nonetheless was justified in awarding fees, as we discuss *infra*.

Even through the trial court cited the incorrect section, we may affirm upon any basis. **Frank v. Frank**, 833 A.2d 194, 195 (Pa. Super. 2003).

Previously, where we affirmed a trial court's finding that a husband was in contempt of the marital settlement agreement, we also have affirmed the counsel fee award for enforcement of the agreement pursuant to 23 Pa.C.S.A. § 3502(e)(7). **Habjan**, 73 A.3d at 643. Similarly, here, we have determined that the findings of contempt against Husband were not an abuse of the trial court's discretion. The awards of fees in connection with the contempt petitions for enforcement of the PSA or the November 2011 order and the hearings associated with those petitions were also not an abuse of discretion.

As for the remaining two awards, in both cases, the trial court found that Wife incurred fees in defending against petitions by Husband that were frivolous.

> The statutory provision at 42 Pa.C.S. § 2503(9) expressly permits a trial court to award reasonable counsel fees to a litigant when, *inter alia,* that litigant's opponent initiated the action arbitrarily, vexatiously *or* in bad faith. An opponent's conduct has been deemed to be "arbitrary" within the meaning of the statute if such conduct is based on random or convenient selection or choice rather than on reason or nature. An opponent also can be deemed to have brought suit "vexatiously" if he filed the suit without sufficient grounds in either law or in fact and if the suit served the sole purpose of causing annoyance. Finally, an opponent can be charged with filing a lawsuit in "bad faith" if he filed the suit for purposes of fraud, dishonesty, or corruption.

*Hart v. Arnold*, 884 A.2d 316, 342 (Pa. Super. 2005) (emphasis in original).

With respect to the fees awarded in association with Husband's petition for supersedeas, the trial court found that the petition was without merit, arbitrary and vexatious. T.C.O. at 30. The trial court also found that Husband filed the petition for the sole purpose of delaying a hearing on Wife's petition for contempt. Order, 7/31/2012. That is sufficient to support the award of counsel fees for vexatious conduct. *See Hart*, *supra*.

Similarly, Husband's attempt to rescind the interest portion of the PSA was deemed "arbitrary, vexatious, and groundless" by the trial court and therefore, the fees awarded in connection with it were reasonable. T.C.O. at 28. Indeed, despite the trial court's reliance upon Husband's failure to raise the interest provision in his prior appeal to find the argument waived, T.C.O. at 22-23, Husband did not address this issue in his brief. We have found this issue waived because Husband did not raise it at the first opportunity to do so. Therefore, it is unlikely that Husband's petition to rescind or revoke would have merit. Unfortunately, this application is not within the certified record. As such, we cannot review the petition and make a determination of its frivolity. Because it is Husband's burden as appellant to provide a complete record, *see Kessler v. Broder*, 851 A.2d 944, 950 (Pa. Super.

2004),[4] we must find that he has waived this challenge to the trial court's order. Thus, Husband's second set of challenges also are unavailing.

Finally, Wife has requested that she be awarded costs for the instant appeal pursuant to Pa.R.A.P. 2744 and 2751. Wife's Brief at 52-55.

> This Court has the authority to award reasonable counsel fees where it determines that an appeal is frivolous or taken solely for delay, or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. Pa.R.A.P. 2744. Our application of this rule is premised upon the following:
>
>> In determining the propriety of such an award, we are ever guided by the principle that an appeal is not frivolous simply because it lacks merit. Rather, it must be found that the appeal has no basis in law or fact. This high standard is imposed in order to avoid discouraging litigants from bringing appeals for fear of being wrongfully sanctioned.
>
> *Menna v. St. Agnes Medical Center*, 690 A.2d 299, 304 (Pa. Super. 1997) (citations omitted).

*Griffith v. Kirsch*, 886 A.2d 249, 255-56 (Pa. Super. 2005) (citation modified).

Instantly, we do not find that Husband's appeal had no basis in law. Specifically, the trial court did not provide a proper citation for its counsel fees award. T.C.O. at 25. That alone would provide Husband with a justification in law to challenge those awards despite the lack of merit to that

---

[4] While it would not be a substitute for the certified record, we note that Husband did not include the petition in his reproduced record.

challenge. Therefore, we decline to award Wife costs pursuant to Pa.R.A.P. 2744.

Order affirmed.

President Judge Gantman joins the memorandum.

Judge Jenkins files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2014